# United States District Court

**WESTERN** DISTRICT OF **TEXAS**

UNITED STATES OF AMERICA

V.

**NYOCOMUS JEROME GARNETT**

FILED
JUN - 9 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## CRIMINAL COMPLAINT

CASE NUMBER: MO- 08- 132   M

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **June 6, 2008** in **Midland** county, in the **Western** District of **Texas**, defendant(s) did, (Track Statutory Language of Offense)

**intentionally and knowingly possessed with intent to distribute cocaine base, "crack"**

in violation of Title **21**, United States Code, Section(s) **841(a)(1)**.

I further state that I am a(n) **Detective, MPD** and that this complaint is based on the following facts:
Official Title

**See attached affidavit, incorporated herein as if set forth in full**

Continued on the attached Sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn before me and subscribed in my presence,

**June 9, 2008**                                              at    **Midland, Texas**
Date                                                                    City and State

**The Hon. Robert Junell, U. S. District Judge**              _____
Name and Title of Judicial Officer                                Signature of Judicial Officer

# AFFIDAVIT

I, Edward Marker, a Detective with the Midland Texas Police Department, (MPD), being duly sworn state:

1. I have successfully completed extensive training emphasizing narcotics investigation and law enforcement. I have been employed by the Midland Texas Police Department as a police officer for approximately 13 years and I have approximately six years of narcotics related investigative experience as a Police Officer of the Midland Texas Police Department. I have completed extensive training emphasizing narcotics investigations and law enforcement. I have further attended training by the Texas Narcotics Officers Association and the United States Drug Enforcement Administration pertaining to the investigation of narcotics related offenses.

2. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information summarized in reports I have reviewed. I have compiled information derived from numerous discussions with experienced law enforcement officers, and detectives of the Midland Police Department. Since this complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known by me in the investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause. Based on the facts cited in the body of this affidavit, I believe that probable cause exists that Nyocomus Jerome GARNETT did knowingly and intentionally possess with the intent to distribute more than 5 grams of cocaine base, "crack", a Schedule II Controlled Substance, in violation of Title 21, United States Code 841(a)(1).

3. On June 6, 2008 Midland Police Officers were patrolling the area of the Cedar Elms Apartments located at 501 W. Cowden in reference to persons loitering on the property. The Officers had received a complaint from the apartment complex manager regarding persons loitering on the premises selling narcotics. The apartment manager had requested any persons found loitering on the property be issued a criminal trespass warning for the property if they did

1

not reside on the premises. As Officers approached the apartment complex they observed several males loitering in the area described by the apartment manager. Officer Lummus who was riding as a two-man unit with Officer Dolan in a marked patrol vehicle observed a male known to him as Arandal GOODLEY to be one of the males loitering in the area. Officer Lummus had on a prior date personally observed GOODLEY selling narcotics and had arrested him. Officers Dolan and Lummus circled the block intending to contact the persons loitering in the area. As Officers Dolan and Lummus drove past the persons loitering, Officer Crisp, who was in another marked patrol car, observed one of the males later identified as Nyocomus Jerome GARNETT look at Officers Dolan and Lummus. GARNETT then took off running. GARNETT ran into an apartment

4.   As Officer Dolan and Lummus' patrol car came back into view of the persons loitering GARNETT who had come out of the apartment was observed running north across Cowden St. Officer Dolan and Lummus, who were both wearing distinctive police uniforms, exited their patrol car to contact the persons loitering as well as GARNETT who had stopped running. GARNETT made eye contact with the Offices however he continued walking north toward another apartment complex. Officer Lummus yelled for GARNETT to stop. GARNETT refused to stop and continued walking north. Officer Lummus approached GARNETT and asked GARNETT if he resided at Cedar Elms Apartments. GARNETT advised that he did not and continued walking away. Officer Lummus again told GARNETT to stop. GARNETT refused and continued walking away causing Officer Lummus to have to run after him in an attempt to detain him. Officer Lummus positioned himself behind GARNETT and attempted to detain him so a criminal trespass warning could be issued. Officer Lummus attempted to "pat" GARNETT down for weapons. GARNETT began resisting by pulling away from Officer Lummus. Officer Lummus observed GARNETT to have a green cigarette package in his hand. GARNETT began grabbing at Officer Lummus in an attempt to evade detention. GARNETT broke free and was able to run a short distance away before Officer Lummus who was now being assisted by Officer Dolan caught up to GARNETT. Officers Dolan and Lummus repeatedly ordered GARNETT to the ground. GARNETT continued resisting and began fighting with the Officers. Officers used pepper spray and knee strikes to subdue GARNETT. GARNETT was taken into custody.

5. Officer Lummus located the green cigarette package, which GARNETT had in his hand laying on the ground. Officer Dolan retrieved the cigarette package and observed it to contain two plastic baggies containing several white rocks believed to be cocaine base, "crack". GARNETT provided false information regarding his identity to the Officers. GARNETT identified himself as "Comus Shaw". Upon transporting GARNETT to the Midland County Detention Center the Officers were able to use jail records to identify GARNETT as Nyocomus GARNETT. GARNETT was found to be on federal supervised release and was wearing an ankle monitor. The quantity of cocaine base, "crack", field-tested positive for the presence of cocaine. The cocaine base, "crack" was found to weigh approximately 7.1 grams.

6. Detective Marker responded to the Midland County Detention Center to interview GARNETT. The interview was recorded. GARNETT was advised of his Miranda Rights and agreed to be interviewed. GARNETT admitted to possessing the quantity of cocaine base, "crack" with the intent to deliver it. GARNETT stated that he was on supervised release and had recently been released after being previously revoked for a supervised release violation. GARNETT further advised that he had purchased the quantity of cocaine base, "crack" on June 5, 2008 and further identified who he had purchased the quantity of crack cocaine from.

7. Based on my training, expertise and experience, I believe Nyocomus Jerome GARNETT did knowingly and intentionally possess with the intent to distribute more than 5 grams of cocaine base, "crack", a Schedule II Controlled Substance, in violation of Title 21, United States Code 841(a)(1).

_E. McM_  6/9/08

Edward Marker   Date
Detective
Midland Police Department

3

Sworn to and subscribed before me in my presence.

_____              6-9-08
Robert Junell                                      Date

United States District Judge

4